■ In the Matter of FUTORIAN CORPORATION, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF STATE — DIVISION OF LICENSING SERVICES, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Division of Licensing Services of the Department of State which found that petitioner violated provisions of article 25-A of the General Business Law and imposed a $250 fine. To make certain that upholstered furniture and bedding, manufactured for sale in New York, is free of pathogenic organisms, vermin and filth, the Legislature mandated that every such article "shall have prominently and securely attached thereto a

tag" reciting prescribed information respecting the manufacturer as well as the contents of the manufactured article (General Business Law, §§ 383, 386, subd 1). An inspection of three metropolitan New York retail establishments, carried out by the Division of Licensing Services of the Department of State, discovered several hundred pieces of furniture lacking the required tags. Because petitioner, a wholesale manufacturer of upholstered furniture, had manufactured 18 of those pieces, it was charged with violating section 386 of the General Business Law. A hearing was conducted at which one of respondents' senior bedding inspectors testified that he found no evidence of tags or remnants of tags on the items of furniture. His testimony affords ample justification for concluding that petitioner violated the statute by either failing to attach the tags or attaching them insecurely. Petitioner's evidence to the contrary merely presented a conflict for the hearing officer to resolve (*Matter of Stork Rest. v Boland,* 282 NY 256, 267). As for the suggestion that it was inappropriate to impose liability on petitioner since, at the time of inspection, possession and control of the articles had passed to the retail vendor, we note that the statute itself fixes liability for its violation on manufacturers by requiring that every bedding article *made* for sale be securely tagged. We see nothing unconstitutional or unreasonable in the Legislature undertaking to implement its concern for the health and well-being of its inhabitants by uniformly regulating the contents of furniture made to be sold in this State. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.